THE STATE OF KANSAS, *Appellee,* v. SHERMAN WHITE, *Appellant.*

No. 17,199.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS — *Possession — Evidence — "Dwelling House."* Upon an information for maintaining a nuisance in violation of the prohibitory liquor law, instructions giving in substance the rule of evidence prescribed by the statute (Gen. Stat. 1909, § 4396) were not erroneous as applied to the facts shown by the evidence, although the court limited the term "a dwelling house," as used in the statute, to the defendant's dwelling house.

2. ———— *Information — Immaterial Variance from Statutory Language—"Resort"—"Permitted to Resort."* Where no objection was made to an information for maintaining a nuisance in which it is charged that the defendant kept and maintained a place where persons "resorted" for the purpose of drinking intoxicating liquors as a beverage, instead of a place where persons were "permitted to resort" for such purpose (the language of the statute), and the case was tried and instructions were given in all respects as would have been done if the precise words of the statute had been used, the defendant was not prejudiced and the variance is immaterial.

Appeal from Lyon district court. Opinion filed November 5, 1910. Affirmed.

The State v. White.

*Samuel S. Spencer,* for the appellant.

*Fred S. Jackson,* attorney-general, and *O. S. Samuel,* county attorney, for the appellee.

The opinion of the court was delivered by

BENSON, J.:   This appeal is from a judgment of conviction for maintaining a nuisance. The appellant alleges error in the instructions, and that the evidence is insufficient to sustain the verdict.

The evidence for the state was, in substance, that the appellant took a case of beer to the barn of a neighbor and placed it in the haymow, where there were chairs and a couch and some empty boxes. Afterward he was found there by the sheriff drinking beer and eating crackers with another person. Some empty bottles were found in a case, and some full ones were hanging from the rafters. He told the sheriff he had not been selling beer, but had drunk lots of it and gave it to his friends; that he often had a lunch there and drank beer with his friends; that he gave them beer, but did not sell it; that the furniture was for rest while they were drinking; and that the owner had given them permission to resort there.

The appellant's testimony did not materially differ from his statements as related by the sheriff, except that he testified that no other person had ever been invited to the barn except the one who was with him at the time. He testified that he had never invited boys to the barn to drink; that the person who was with him at the time had furnished part of the money for the beer; and that the owner of the barn had given him permission to leave empty beer bottles there.

The court instructed the jury that if the appellant kept and maintained on the premises described a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, and if it was not his private dwelling house, he should be

27—83 KAN.

found guilty. The statute furnishes a rule of evidence in such cases, viz.:

"The finding of intoxicating liquors in the possession of one not legally authorized to sell the same, except in a private dwelling house not used in connection with a place of business, shall be *prima facie* evidence that such liquors are kept for sale or use in violation of law." (Laws 1901, ch. 232, § 8, Gen. Stat. 1909, § 4396.)

It is insisted that the term "dwelling house," as used in the statute, is not limited to the dwelling of the accused, but applies to any dwelling house, without reference to ownership. If that were the true construction a person might rent a part of the dwelling of another or occupy it without renting and maintain a drinking resort therein, and thus avoid the effect of the statute quoted. To sustain the contention that the barn in question should be treated as a dwelling house the appellant invokes the common-law rule that buildings within the curtilage are for some purposes considered parts of a dwelling house. The meaning of the term "curtilage," as used in the statute defining burglary, was considered in *The State v. Bugg*, 66 Kan. 668, but it is not necessary now to consider the law on that subject; it has no direct application here. The appellant can not avoid the probative effect given by the statute to his possession of intoxicants merely by proof that they were in a barn adjacent to a house occupied by another as a dwelling. It is not claimed that the barn was appellant's dwelling, nor was it shown what use the owner made of it. The question whether in construing this statute a barn should be considered as a part of the dwelling house, when used in connection with it by an owner or occupant of the dwelling when he is charged with an offense, is not now presented. Upon the facts shown in the evidence the instruction referred to was not erroneous.

Complaint is made of other instructions, but reading

Anderson v. Cloud County.

the instructions together they are not erroneous. The instructions requested by the appellant, so far as they were proper, were given in substance by the court.

The charge in the information is that the appellant kept a place where persons "resorted" for the purpose named. The statutory prohibition is against keeping a place where persons "are permitted to resort" (Laws 1901, ch 232, § 1, Gen. Stat. 1909, § 4387) for such purpose. No objection was made to the information, and the evidence was pertinent to the offense as defined in the statute. The court, in instructing the jury, defined the offense in the language of the statute. The case was tried as it would have been had the precise words of the statute been used in the information. The appellant was in no way prejudiced, and the variance is immaterial.

The contention of the appellant that the evidence was not sufficient to sustain the verdict can not be upheld. It has been carefully examined and is found sufficient.

The judgment is affirmed.