No. 25,473.

THE STATE OF KANSAS, *Appellee*, v. HIRAM LIGHTFOOT, *Appellant*.

SYLLABUS BY THE COURT.

HOMICIDE—*Sufficiency of Evidence—Information—Effect of Continuances—Impaneling Jury.* The proceedings in a murder trial examined, and *held:* (*a*) There was sufficient evidence to support the conviction. (*b*) The indorsing of additional names on the information, by leave of court, was not an amendment of the information, and an erroneous statement by the clerk of the court in certifying a copy thereof as an "amended information" did not constitute it such. (*c*) There was no error in trying the defendant after four continuances where two of such continuances were at his request and another with his consent. (*d*) No error was disclosed in the impaneling of the jury. (*e*) Various other assignments of error considered and found to be without substantial merit.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed May 9, 1925. Affirmed.

*T. W. Bell,* of Leavenworth, for the appellant.

*Charles B. Griffith,* attorney-general, *Malcolm McNaughton,* county attorney, and *William D. Reilly,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of murder in the first degree. He was charged with the shooting of a woman of ill repute at a house of the same character. The revolting circumstances leading up to and surrounding the tragedy need not be recited. We have examined the record and find the evidence abundant to support the conviction.

It is contended by the defendant that the trial court erred in overruling defendant's motion to quash the amended information. It appears that, after some additional names had been indorsed on the information, the clerk of the court made a certified copy and

because of the additional names, erroneously marked the certified copy an "amended information." The contention is without merit because no amended information was filed. It is next contended that the defendant was prejudiced by a failure of the officers to properly select the jurors, it being charged that some, whose names appeared on the record, were denied the right to serve on the jury. It appears, however, from the affidavits of the mayor of Leavenworth and various township trustees of the county, and by the county clerk, that the selection of the jury was made in conformity with law and that no qualified juryman was rejected. It appears also that the court, as a matter of safety and protection to the defendant, discharged all jurymen drawn in addition to the original twelve first chosen, and ordered an additional panel. This the court was authorized to do under the provisions of the statute. (R. S. 43-123.) The defendant contends that the court erred in allowing the county attorney undue latitude in his argument. No record of the arguments appears to have been made, and the record discloses no request of the defendant that the arguments be taken by the reporter.

A contention that the defendant should have been discharged because of failure of the state to bring him to trial within three terms of court, after finding of the indictment, is without merit because, of four continuances ordered in the case, one was by the court, one by consent of the parties, and two upon application of the defendant.

The record presents no error which would warrant a reversal.

The judgment is affirmed.