### THE STATE OF KANSAS v. BENJAMIN BUGG.

**No. 13,104.** (72 Pac. 236.)

SYLLABUS BY THE COURT.

1. CRIMINAL PRACTICE—*Amended Information.* An information may be amended in matter of form at the trial, and when so amended it need not be reverified, nor is the defendant entitled to a rearraignment.

2. ——— *Burglary—Description of Building.* A building may be within the curtilage of a dwelling and not form a part thereof, although neither is enclosed.

Appeal from Crawford district court; W. L. Simons, judge. Opinion filed April 11, 1903. Affirmed.

*A. A. Godard,* attorney-general, *C. C. Coleman,* attorney-general, *J. J. Campbell, J. M. Wayde,* and *D. H. Woolley,* for The State.

*B. S. Gaitskill,* and *Arthur Fuller,* for appellant.

The opinion of the court was delivered by

GREENE, J.: This is an appeal from a conviction of burglary and larceny. The information charged the appellant with burglary in the night-time of a one-

story building situated within the curtilage of a dwelling-house but not "gorming" a part thereof, in which were at the time goods, wares, and merchandise. At the trial the appellant objected to the admission of evidence under the information for the reason that it did not charge a burglarious breaking into, and entering of, the dwelling-house or any building within the curtilage of the dwelling-house and not forming a part thereof.   This objection was upon the ground that in that part of the information describing the building alleged to have been burglarized a mistake was made in spelling the word "forming."   As will be observed, it was spelled "gorming."   When this was called to the attention of the court, the county attorney, with the consent of the court, corrected the mistake and reverified the information.   The objection to the introduction of evidence was overruled, and this is one of the alleged grounds of error.

The mistake in spelling the word and the correction of it were mere matters of form, and not of substance. The correction was not prejudicial to the rights of appellant.   Such amendments may be made after the trial has commenced, at the discretion of the court. Section 72 of the criminal code (Gen. Stat. 1901, § 5513 ) reads :

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave.   The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant.   No amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

See *The State v. Pryor*, 53 Kan. 657, 37 Pac. 169 ; *The State v. Spencer*, 43 id. 114, 23 Pac. 159 ; *The*

*State v. Cooper*, 31 id. 505, 3 Pac. 429; *The State v. McDonald*, 57 id. 537, 46 Pac. 966.

Complaint is made that after the information was amended the defendant was not again arraigned. This was unnecessary. Where an information is amended at the trial in form only, a rearraignment is not required.

There was no evidence tending to show that the building alleged to have been burglarized was within the same enclosure with the dwelling. In defining the term "within the curtilage of a dwelling," the court said: "That is, such frame building must have been then and there situated and standing near to, and in the same yard with, said dwelling-house, and used in connection with said dwelling-house, but not forming a part of said dwelling-house."

It is contended by the appellant that inasmuch as the court instructed the jury that it must find that the building burglarized was "in the same yard with said dwelling-house," and as there was no evidence to show that it was within the same enclosure, therefore, it was not within the same yard. Webster's definition of the word "yard" is: "An enclosure; usually a small enclosed place in front of or around a house or barn." The word "yard," as generally used when speaking of a dwelling, does not necessarily mean or suggest the idea to the American mind of an enclosure, but rather the plat immediately surrounding, and upon which are situated, the dwelling and other buildings used in connection therewith for domestic purposes. This ordinarily is the accepted meaning of the word when thus used, and it must have been so understood and used by the court in giving this instruction. A building may be within the curtilage of a dwelling and neither of them be enclosed. The idea that a

building, to be within the curtilage of a dwelling, must be enclosed with the dwelling, was borrowed from England, where, for the better protection of property, the curtilage was enclosed with a stone fence or wall.  This custom has never obtained in this country.  We have never thought it necessary to adopt such precautionary measures.  Therefore, the doctrine that a building not enclosed with the dwelling is not within the curtilage has no application here.  If it were so enclosed and used in connection therewith, it would undoubtedly be within the curtilage, but it is nevertheless within the curtilage if situated within such close proximity to the dwelling as to be conveniently accessible, and is actually used in connection with the dwelling for domestic purposes, although neither is enclosed.  The custom not to enclose a dwelling has become so nearly universal, especially in the cities in this country, that when we see one enclosed it is especially noticeable.  It is said in *Fortnightly Review*, N. S., XLIII, 679: "Most of the houses (at Concord, Mass.), especially the newer ones, stand in their own well-kept grounds or yards, facing the road, with no fence or hedge to separate them from the highway."

This statement is especially applicable to the dwellings in towns and cities in Kansas.  We think the legislature used the word "curtilage" in that enlarged sense applicable to the customs of this country, intending that it should include all buildings in close proximity to the dwelling, which are continually used for the carrying on of domestic employment, although neither the dwelling nor the building is enclosed.

It follows, therefore, that the judgment of the court below must be affirmed.

All the Justices concurring.