THE STATE OF KANSAS, *Appellee*, V. JAMES REILLY, *Appellant.*

No. 17,232.

### SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Instructions—One Refused Given in Substance—Others Not Presented for Review.* Where an appellant relies upon an alleged error of the court in refusing to give a particular instruction, and only the one instruction is presented to this court for consideration, error will not be predicated upon the refusal to give such instruction, especially where it is claimed by the appellee that the substance of the instruction was in fact given in other instructions.

Appeal from Pottawatomie district court. Opinion filed June 10, 1911. Affirmed.

*E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for the appellant.

*John S. Dawson,* attorney-general, and *E. M. Brunner,* county attorney, for the appellee; *W. F. Challis,* and *E. C. Brookens,* of counsel.

The opinion of the court was delivered by

SMITH, J.: This is an assault and battery case. The defendant was produced as a witness in his own behalf and testified. The jury returned a verdict of guilty, which was approved by the court, and he was sentenced. He appeals.

Two assignments of error only are urged in the defendant's brief. The first is the allowance, on cross-examination of the defendant, of questions relating to physical encounters of the defendant with other persons.

This evidence is evidently offered for the purpose of discrediting the defendant as a witness, and the practice is approved in *The State v. Pfefferle,* 36 Kan. 90; *The State v. Probasco,* 46 Kan. 310: *The State v. Wells,* 54 Kan. 161; *The State v. Park,* 57 Kan. 431; *The State v. Greenburg,* 59 Kan. 404.

It is true that entirely distinct and unassociated crimes which tend to discredit and prejudice the jury against a defendant can not be introduced in evidence, especially where he does not offer himself as a witness in the case. (*The State v. Kirby,* 62 Kan. 436.) We think there was no substantial error in this request.

The second contention is that the court erred in refusing to give an instruction which reads as follows:

"The presumption of innocence which the law guarantees to the defendant should be considered by you as evidence in his favor."

Language similar to this has been approved in *Coffin v. United States,* 156 U. S. 432. The proposition is discussed in *The State v. Wolfley,* 75 Kan. 406, 415.

The usual form of instruction in this regard is that the defendant is to be presumed innocent of the crime and of every ingredient thereof until his guilt is established by the evidence beyond a reasonable doubt.

It is true that the presumption of innocence in a criminal action has the effect of evidence in that it

rebuts the evidence of guilt up to the point that the latter, notwithstanding the presumption, convinces the jury beyond a reasonable doubt of the truth of the charge; but yet it is only a presumption and not evidence.   Evidence of innocence consists in the proof of facts from which the inference of innocence is drawn. The presumption is a legal inference based on the patent fact that the great majority of men are not criminals; it is a shield which the law, in abhorrence of the conviction of the innocent, throws around every citizen. It is a legal inference or presumption without evidence to support it.   The law says to all, the guilty and innocent alike, you may, by accident or design, be surrounded by circumstances which are consistent with and indicate your guilt, but you shall not be convicted of crime until a jury of your peers are satisfied by competent evidence beyond a reasonable doubt that you are guilty as charged.   Nothing is gained by giving to the presumption of innocence a new name, especially one to which it is not entitled.   The usual instruction as to the presumption of innocence meets every purpose of the law and guards every right of the defendant. (3 Words & Ph. Jud. Def. pp. 2522, 2523.)

The defendant has not set forth in his abstract the instructions that were given, and it is contended by the plaintiff that the instruction asked for was practically embodied in instructions numbered 2 and 3 given by the court.   If this be true, the refusal of the instruction asked by the defendant can not be substantial error.

It devolves upon the defendant upon appeal to show that prejudical error was committed against him.   The instruction asked may have been refused because it had, in substance, already been given.   Even if this instruction be regarded as a correct statement of the law, we can not say, without being informed as to the

other instructions, that it was error for the court to refuse it.

The judgment is affirmed.

MASON, J. (concurring specially) : I fully concur in the opinion, but desire to add this: In *The State v. Wolfley*, 75 Kan. 406, 413, it was decided that no error was there committed in refusing an instruction to the effect that the presumption of innocence amounts to something more than a requirement that the state must prove its case beyond a reasonable doubt. In the opinion language was used indicating acquiescence in the view elaborated in *Coffin v. United States*, 156 U. S. 432, that such difference exists. The distinction is at best one in the use of words, of little or no practical value, and it appears to have been limited, if not abandoned, by the federal supreme court. (*Holt v. United States*, 218 U. S. 245. See note by Professor Wigmore in 6 Ill. Law Rev. [May, 1911] p. 68.)