No. 43,995

STATE OF KANSAS, *Appellee*, v. CURTIS EDISON LEWIS, *Appellant*.

(405 P. 2d 796)

Opinion filed September 20, 1965.

*Earl Thomas Reynolds*, of Coffeyville, was on the brief for appellant.

*Monte K. Heasty*, of Coffeyville, argued the cause, and *Robert C. Londerholm*, Attorney General, of Topeka, and *B. D. Watson*, County Attorney, of Coffeyville, were with him on the brief for the appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant was convicted by a jury on two counts of forgery in the second degree. The first count of the information

charged that on December 24, 1963, the defendant forged a $28 check drawn on the Condon National Bank of Coffeyville, Kansas, purportedly made by one H. A. Alters and payable to one Joe Louis Vaughn, in violation of G. S. 1949, 21-608 (now K. S. A. 21-608). The second count of the information charged that on the same day the defendant uttered and passed the check in exchange for valuable consideration in violation of G. S. 1949, 21-609 (now K. S. A. 21-609). He was sentenced as an habitual criminal to serve two concurrent terms of fifteen years each in the Kansas State Penitentiary at Lansing, Kansas, under the provisions of G. S. 1949, 21-107a and 21-631 (now K. S. A. 21-107a and 21-631). He is presently confined in the Kansas State Penitentiary and has appealed from the district court's order overruling his motion for a new trial.

A preliminary examination was held and the defendant, not being represented by counsel, was bound over to the district court for trial. When the defendant was presented for arraignment in the district court, he was without counsel and the court appointed Earl Thomas Reynolds, a member of the Montgomery County Bar, to represent him. The case was ordered continued to give the defendant an opportunity to plan his defense with his attorney. After counsel and the defendant conferred, the defendant was arraigned in his counsel's presence, and he entered a plea of not guilty to both counts as contained in the information. Following the defendant's pleas of not guilty, the county attorney served a notice in writing upon the defendant and his counsel notifying them as follows:

"You and each of you are hereby notified that in the event of conviction in the above entitled case the State of Kansas will ask for an increased sentence under the provisions of Section 21-107a, G. S., Kansas, 1949, and will introduce evidence of prior convictions in support thereof."

On April 16, 1964, the defendant's case was called for trial and both the state and the defendant made opening statements, introduced evidence, and rested. The jury was fully instructed in writing, and it found the defendant guilty on both counts of forgery as charged in the information.

Upon the defendant's request, the district court fixed the time for filing his motion for a new trial on April 21, 1964, and on May 1, 1964, the motion was heard and overruled.

Following the overruling of the defendant's motion for a new trial, the state announced that it wanted to introduce evidence of the defendant's prior convictions, and their being no objection by the

defendant or his counsel, permission was granted. The state's evidence showed the following:

". . . on the 24th day of June, 1960, in Case No. 1929, The State of Oklahoma vs. Curtis Lewis, the defendant was found guilty of forgery in the second degree in the District Court of Nowata County, Oklahoma; and on the 22nd day of June, 1962, in Case No. 1979, The State of Oklahoma vs. Curtis Lewis, the defendant was found guilty of forgery in the second degree in the District Court of Nowata County, Oklahoma."

The district court found, from the record and other competent evidence, the fact of defendant's former convictions of felony committed in the state of Oklahoma and that he was subject to an increased sentence in accordance with the provisions of K. S. A. 21-107a, and sentenced the defendant to two consecutive terms of fifteen years each in the Kansas State Penitentiary as heretofore related.

In order to present and discuss the defendant's contentions on appeal, it is necessary to briefly summarize the state's evidence. Carl W. Hartzell, an employee at Lee's 24 Hour Truck Stop, a Coffeyville service station, positively identified the defendant as being the man who passed the check in question on December 24, 1963, at the service station. The defendant endorsed the name of Joe Louis Vaughn on the back of the check and at Hartzell's direction, wrote his address thereunder as Route 1, Wann, Oklahoma. Hartzell paid the defendant $28 in cash, the amount of the check. H. A. Alters, the man whose name was forged by the defendant, testified that he did not write the check purportedly issued by him on December 24, 1963, nor did he write any of the checks in question hereafter related, nor authorize anyone, including the defendant, to sign his name to a check, and knew nothing of the checks forged by the defendant. Hartzell further testified that on December 28, four days after the defendant passed the check he was charged with having forged, the defendant came again to the service station—this time in the automobile owned by one Glen Starr—and passed another check identical to the one he passed on December 24, 1963, except for the amount which was in the sum of $38. The defendant again endorsed the name of Joe Louis Vaughn on the back of the check and purchased some gasoline and a tire.

The state introduced evidence, over the defendant's objection, that the defendant on other occasions passed two checks at places in Coffeyville similar to the two checks passed at Lee's 24 Hour Truck Stop. Both checks were made payable to one Joe Louis

Vaughn, and the defendant was positively identified as having passed each of those checks. All of the checks including the one upon which the defendant was charged were drawn on either the Condon National Bank of Coffeyville or the First National Bank of Coffeyville. Representatives from both banks testified that the checks in question were submitted to them and payment refused because the banks were unable to locate accounts upon which the checks were purportedly written.

The defendant testified on his own behalf and on direct examination stated that he did not forge or pass any of the checks involved; that he had been in trouble in Oklahoma, and that he had done "time" in Oklahoma for forgery. On cross-examination the defendant testified he was prosecuted for forging checks in Oklahoma; that in the past five years he was twice convicted and served time in the Oklahoma State Penitentiary; that he had finished serving his sentence on the last forgery conviction and was released from that penitentiary on August 8, 1963, and that he was first convicted of forgery in the state of Oklahoma in 1960.

We now turn to the defendant's specifications of error in the order and manner they were discussed by the parties.

The defendant first contends the district court erred in admitting evidence of other similar forgeries committed by the defendant. He concedes that evidence of other similar crimes is admissible, under proper instructions, where the other similar crimes occurred *prior* to the one with which the defendant is charged, but argues that since two of the three forgeries shown by the state were committed on December 28, 1963, four days *after* the one with which he was charged, such subsequent forgeries were inadmissible and the district court committed reversible error. The defendant makes no objection to the instructions of the district court and it must be assumed that such instructions were proper.

The defendant's contention cannot be sustained. In *State v. Wright,* 194 Kan. 271, 398 P. 2d 339, it was held that the Rules of Evidence under Article 4 of the Code of Civil Procedure (Ch. 60, K. S. A.) are designed to have application to every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced, except to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation. K. S. A. 60-455 reads:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition

to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion *but*, subject. to sections 60-445 and 60-448 *such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."* (Emphasis supplied.)

In *State v. Wright*, supra, it was said:

"The rule of evidence stated in 60-455, *supra*, as applied to criminal proceedings has not materially changed the case law as it has developed in Kansas prior to the enactment of 60-455, *supra*." (1. c. 274.).

Almost since statehood, this court has applied the general rule that evidence is inadmissible to prove that the accused has been convicted of another crime independent of, and unrelated to, the one on trial; it is not competent to prove one crime by proving another. (*State v. Myrick*, 181 Kan. 1056, 1058, 317 P. 2d 485.) But this court has also recognized that to this general rule there are several distinct exceptions which have been permitted from absolute necessity to aid in the detection and punishment of crime. In the *Myrick* case it was said:

". . . proof of an *independent crime* is admissible in the discretion of the court, and may be received in the state's case in chief, under proper instructions, if it is relevant to the proof of the guilt of the defendant for the crime with which he is charged. To be relevant it must prove or tend to prove identity of person or crime, to prove *scienter* or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation, to prove malice and to rebut special defenses. (Cases cited.) See, also, 2 Hatcher's Kansas Digest, (Rev. ed.) § 268, p. 237. If the evidence is competent, material and relevant to the issues on trial, it is not rendered inadmissible because it may show that the defendant is guilty of another crime, or has been previously convicted. Such evidence is not admitted because it is proof of the other crime, but because of its relevancy to the charge on trial. . ." (Emphasis supplied.) (1. c. 1059.)

In *State v. Stephenson*, 191 Kan. 424, 381 P. 2d 335, it was held:

"The rule against the admissibility of evidence of other similar but independent offenses should always be strictly enforced, and to justify any departure therefrom the evidence should come under one of the well-recognized exceptions to the general rule, among which are identity of the person committing the offense, to prove *scienter* or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation,. and to rebut a special defense." (Syl. ¶ 2.)

In *State v. Marshall*, 152 Kan. 607, 106 P. 2d 688, this court held that evidence of the fact that the defendant had given a worthless check *two years subsequent* to his giving the worthless check upon

which he was then being tried, was properly admitted by the district court.

As previously indicated, the evidence introduced by the state tended to show that the defendant had committed other forgeries four days subsequent to the one on which he was charged. Proof of the two subsequent forgeries meets the test of relevancy in that the defendant was positively identified by the person to whom he passed the check; the payee of each check—Joe Louis Vaughn— was identical; the purported drawer of each check—H. A. Alters —was identical; the handwriting appeared similar; each check was purportedly made in payment for plumbing and the word plumbing was misspelled on each of them, being spelled "pluming." It is apparent that all of the checks introduced in evidence logically and naturally tended to establish: (1) The identity of the defendant; (2) the defendant's intent to defraud and guilty knowledge; and (3) to prove his plan, scheme and system of operation.

The defendant contends he was entitled to have court-appointed counsel at his preliminary examination. It is a well-established rule in this state that failure to appoint counsel at a preliminary examination is not error. No useful purpose would be gained in discussing this matter further. Suffice it to say the question has been thoroughly dealt with in the well-annotated opinion in the case of *Bergin v. State*, 194 Kan. 656, 400 P. 2d 978, wherein many previous decisions were cited and discussed and where it was held that an accused has no constitutional right to be furnished counsel at his preliminary examination. See, also, *Tarr v. State*, 194 Kan. 798, 402 P. 2d 309.

The defendant contends that the district court erred in finding that he had twice been previously convicted of felonies in the state of Oklahoma and thus subject to an increased sentence under the Kansas Habitual Criminal Act. (K. S. A. 21-107a.) The statute provides that every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. The statute further provides:

". . . Judgment in such cases shall not be given for the increased penalty, unless the court shall find, *from the record and other competent evidence,* the fact of former convictions for felony committed by the prisoner, in or out of this state." (Emphasis supplied.)

The record discloses there was ample evidence to support the district court's finding that the defendant had twice previously been convicted of the crime of forgery in the state of Oklahoma, and was subject to sentence under the Kansas Habitual Criminal Act. In the first place, the defendant himself admitted his previous convictions in that state when testifying on his own behalf, and no claim is made that his testimony in that respect was untrue. (*State v. Graham*, 172 Kan. 627, 242 P. 2d 1067; *State v. Watkins*, 190 Kan. 446, 375 P. 2d 634.) Moreover, the state attempted to introduce in evidence authenticated copies of the journal entries of the defendant's two prior convictions for forgery in the state of Oklahoma. The district court refused to admit such authenticated copies, but permitted the sheriff of Nowata County, Oklahoma, to testify that he had been the sheriff of that county for 21 years; that he was personally acquainted with the defendant and was personally present in the district court of that county each time the defendant was convicted of the crime of forgery in that court. In passing, we observe it would have been proper for the district court to admit the authenticated copies of the journal entries of the defendant's two prior convictions of felony. (*State v. Hall*, 187 Kan. 323, 356 P. 2d 678; *State v. Loyd*, 187 Kan. 325, 356 P. 2d 825.) See, also, K. S. A. 60-460, 60-461 and 60-465.

We lastly note that the defendant attempted to join with his direct criminal appeal, an appeal from a civil proceeding commenced pursuant to the provisions of K. S. A. 60-1507 (*a*). This he cannot do. Rule No. 121 adopted by this court on October 16, 1964, (194 Kan. xxvii) supplements the procedure provided under K. S. A. 60-1507. Rule No. 121 (*c*) (3) provides;

"A motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected."

See, also, *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799. The district court correctly summarily dismissed the defendant's motion filed under K. S. A. 60-1507 as being premature.

We have fully reviewed the record and conclude that the district court did not err in any of the particulars complained of and the judgment of conviction and sentence is affirmed.