No. 44,313

State of Kansas, *Appellee,* v. Lee Mader, *Appellant.*

(412 P. 2d 1001)

Opinion filed April 9, 1966.

*Lloyd H. Haag,* of Garden City, argued the cause, and *A. M. Fleming, Dale E. Saffels* and *Clifford R. Hope, Jr.,* all of Garden City, were with him on the brief for the appellant.

*Harrison Smith,* Acting County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant was charged and convicted of the offenses of forging a check and uttering a forged check as defined in K. S. A. 21-608 and 21-621, respectively. Appeal has been duly perfected by the defendant raising the questions hereafter discussed.

In general the appellant challenges the order of the trial court overruling his motion to quash the information and for discharge, and raises alleged trial errors concerning the admission of evidence and the giving of instructions.

On or about the 27th day of February, 1964, Lee Mader (defendant-appellant) was arrested on a complaint and warrant charging him in two counts with forging and uttering a forged instrument. On the 13th day of May, 1964, the appellant through his counsel waived the reading of the information and entered a plea of not guilty to the charges set forth in the information.

On the 30th day of September, 1964, the matter came on for trial, a jury was empaneled and sworn and the state presented its evidence. At the close of the state's case the appellant moved for an order directing a verdict and for discharge, and for a mistrial. The court overruled the motion for a directed verdict but sustained the motion for a mistrial. It thereupon entered an order declaring a mistrial and discharged the jury.

On the 13th day of November, 1964, the state upon oral motion of the county attorney moved for an order to endorse additional witnesses on the information. Objection was made by the appellant on the grounds that there was no showing the names of the additional witnesses were not known, or could not have been known, to the county attorney prior to the time of the filing of the information and for the further reason that the endorsement of additional witnesses would prejudice the rights of the appellant. The trial court overruled the appellant's objection and entered its order permitting the endorsement of six additional witnesses on the information.

On the 18th day of November, 1964, the state filed its "amended information" with the names of the additional witnesses endorsed

thereon. The "amended information" was identical in form with the original information except for the endorsement of the names of the additional witnesses.

On the 1st day of December, 1964, the matter came on for trial the second time. After the jury was empaneled and sworn, the county attorney made his opening statement, witnesses were sworn, and the appellant moved to quash the "amended information" and for discharge on the ground that the appellant had not been arraigned on the "amended information." The trial court overruled the motion and the case proceeded to trial without the appellant again being arraigned or any additional plea having been entered by the appellant himself. He elected to stand mute insofar as the "amended information" was concerned.

The jury found the appellant guilty on both counts on the 2nd day of December, 1964.

At this point the state informed the court that it intended to request the court to invoke the habitual criminal act because the appellant had twice previously been convicted of a felony offense. Thereupon the appellant through his counsel moved for a new trial and stated he would file his motion within five days. The court sustained the appellant's motion to defer sentencing to permit the appellant's counsel to file his motion for a new trial.

On the 10th day of December, 1964, the trial court heard the appellant's motion for a new trial, and upon being fully advised in the premises overruled it. The state thereupon introduced evidence of two previous felony convictions of the appellant, and the court sentenced him to the Kansas State Penitentiary at Lansing for a term of twenty-five years on each count pursuant to the provisions of 21-608, *supra*, 21-621, *supra*, and K. S. A. 21-107a, the sentences to run concurrently.

The appellant contends the trial court erred in failing to have him rearraigned after the filing of the "amended information." It is argued the record fails to show that the appellant ever entered a plea, or that a plea was entered in his behalf by the trial court.

The appellant relies on *State v. Radke*, 168 Kan. 334, 212 P. 2d 296, but an analysis of the facts discloses the decision is not applicable to the factual situation presently confronting the court, and readily distinguishable.

Here the wording of the "amended information" remained identical in form with the original information except for the endorsement of the names of six additional witnesses. Actually, the state

should have endorsed the names on the original information filed. The error committed, however, was harmless and the second information filed was not actually an "amended information," but the same information with additional names endorsed thereon. The appellant was arraigned and entered a plea of not guilty to the information upon which he was tried.

It has been held in a criminal case that the endorsement of additional names on the information is not an amendment of the information. (*State v. Lightfoot*, 118 Kan. 428, 235 Pac. 843.)

It has also been held in a criminal case that the endorsing of additional names of witnesses on the information rests in the sound discretion of the trial court, and material prejudice in the ruling thereon must be clearly shown before it constitutes reversible error. (*State v. Wainwright*, 190 Kan. 619, 376 P. 2d 829.)

At the turn of the century it was held that an information in a criminal action may be amended in matter of form at the trial, and when so amended it need not be reverified, nor is the defendant entitled to a rearraignment. (*State v. Bugg*, 66 Kan. 668, 72 Pac. 236.)

In the instant case the appellant made no claim of surprise, and no request for a delay in the trial. Approximately two weeks transpired from the filing of the "amended information" and the beginning of the trial. Ample time was afforded counsel for the appellant to visit with the additional witnesses who were endorsed on the information.

Here the "amended information" did not change the allegations of the offense charged. It did not raise any new issues. The appellant could not possibly have been prejudiced. He does not show how his substantial rights were prejudiced. Therefore, the trial court properly overruled the appellant's motion to quash the so-called amended information.

The appellant next contends the trial court erred in admitting evidence of other instruments allegedly and purportedly altered by the appellant, but for which the appellant had not been charged in the information.

During the presentation of the state's case in chief the trial court permitted the introduction in evidence, over the appellant's objection, of other checks not set forth in the information, allegedly and purportedly forged by the appellant. This evidence tended to show that the appellant had committed other forgeries at the same time

as the one in question with which he was charged. The appellant was positively identified by the persons to whom he passed these checks; the payee on each check was identical to the payee on the check with which he was charged; the purported drawer of each check was the same; and the handwriting appeared similar.

This particular point is governed by the provisions of K. S. A. 60-445, which were before the court in *State v. Wright,* 194 Kan. 271, 398 P. 2d 339, and in *State v. Lewis,* 195 Kan. 389, 405 P. 2d. 796.

From a legal point of view on this point, the facts in *State v. Lewis,* supra, were identical to those in the instant case, and the law set forth therein controls our decision. The court there held:

"In a criminal action the rule against the admissibility of evidence of other similar but independent offenses should always be strictly enforced, and to justify any departure therefrom the evidence must come under one or more of the exceptions to the general rule as set forth in the Code of Civil Procedure, K. S. A, 60-455. (Following *State v. Wright,* 194 Kan. 271, 398 P. 2d 339.)

"The rule of evidence stated in K. S. A. 60-455 as applied to criminal proceedings did not materially change the case law as it was developed in Kansas prior to its enactment.

"Proof of an independent crime is admissible in the discretion of the court, and may be received in the state's case in chief, under proper instructions, if it is relevant to the proof of the guilt of the defendant for the crime with which he is charged. To be relevant it must prove or tend to prove identity of person or crime, to prove *scienter* or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation, to prove malice and to rebut special defenses." (Syl. ¶¶ 1, 2, 3.)

In the instant case the testimony of the witnesses through whom the other checks were introduced into evidence together with the instruments logically and naturally tended to establish the identity of the appellant, the appellant's intent to defraud, and to prove his plan, scheme and system of operation.

When the trial court admitted the testimony of the other witnesses through whom the other checks were introduced, it orally informed the jury that the witnesses' testimony was being admitted for the purpose of showing the appellant's passing of the instrument in question was part of a scheme or pattern. The court later followed this with an appropriate written instruction to the jury.

The appellant next contends the trial court erred in giving its instruction No. 8 to the jury, because it in effect forced upon the appellant the burden of becoming a witness against himself in direct violation of his constitutional right to remain silent. Instruction No. 8 reads:

"You are further instructed that if you find beyond a reasonable doubt that the signature of Mrs. Iva Baker was forged upon the check in question and that the defendant had the check in his possession and did cash it, that then and in that event, you may, in the absence of some reasonable explanation to the contrary, consider the possession and cashing of the check as some evidence that he forged the same. To sustain the charge of forgery it is not necessary to prove the manual execution of the false signature by the defendant. The possession and cashing by the defendant of the forged instrument raises an inference that the defendant forged the instrument and throws upon the defense the burden of explaining away the said possession and cashing of the instrument, and if the same are not explained away may be sufficient to warrant a finding that the defendant committed the forgery. However, this inference is rebuttable and does not relieve the State from the duty of proving the defendant guilty beyond a reasonable doubt."

The appellant argues the fact that he failed to take the stand, when considered in the light of the foregoing instruction, has prejudiced his rights.

The precise question here presented was before the court in *State v. Earley*, 119 Kan. 446, 239 Pac. 981. In that case the court said:

"But as to the actual forgery of the name James More by defendant, the state admits that it relies for proof to sustain the conviction on the first count on the evidence inherent in the circumstance that he was in possession of the forged check shortly or immediately before it was feloniously passed by defendant. The state invokes an analogous rule to that which attaches to the unexplained possession of recently stolen property, and would justify the conviction on the first count on the ground that the absence of a reasonable explanation of defendant's possession of the forged check raised a presumption of fact that he forged it himself. There seems to be good authority for this, although the doctrine has not hitherto been authoritatively approved by this court." (pp. 448, 449.)

Further in the opinion it was said:

"From the foregoing it seems clear that the legal principle for which the state contends is well founded, and the rule may be stated thus: Possession of a forged instrument by one who utters or seeks to utter it or otherwise to realize on it or profit by it, without a reasonable explanation of how the possessor acquired it, warrants an inference that the possessor himself committed the forgery or was a guilty accessory to its commission." (p. 451.)

A similar question was presented in *State v. Brown*, 145 Kan. 247, 65 P. 2d 333, where the court said:

". . . Was it necessary to prove the manual execution of the false signature by the defendant? Or does the possession of the forged instrument without a reasonable explanation raise a presumption of guilt? We think it does, and that the instruction was proper under the evidence in this case.

"The suggestion that the instruction throws the burden of proof on the de-

fendant is the most serious attack on this instruction. The instructions given fully and clearly covered all elements of the offense charged; that the law throws around the defendant the presumption of innocence, and requires the state to prove every material fact; that every presumption of law was in favor of his innocence, and that this guilt must be proven beyond a reasonable doubt.

. . . . . . . . . . . . . .

"Statutory presumptions throwing the burden on the defendant for an explanation are common. . . ." (p. 251.)

In the instant case the trial court by the instructions given properly instructed as to the burden of proof on the offenses charged.

Every accused person goes to trial clothed with a presumption of innocence. But that presumption may be overcome, not only by direct proof, but when the facts standing alone are not enough, by the additional weight of a countervailing presumption, either legislative or existing within the framework of established law. (*Yee Hem v. U. S.*, 268 U. S. 178, 69 L..Ed. 904, 45 S. Ct. 470.)

The argument that the practical effect of the instruction was to compel the appellant to be a witness against himself is without merit. The presumption compels nothing. It does no more than to make possession of the forged instrument *prima facie* evidence of the appellant's guilt, where the jury finds beyond a reasonable doubt that the signature of the maker was forged upon the check in question. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only person in possession of the facts necessary to negative the presumption arising from his possession of the forged instrument, that is a misfortune which is inherent in the case. The constraint upon the appellant to give testimony in such situation arises simply from the force of circumstances and not from any form of compulsion forbidden by the constitution. (*Wilson v. United States*, 162 U. S. 613, 619, 40 L. Ed. 1090, 16 S. Ct. 895; and *Yee Hem v. U. S.*, supra.)

The appellant next contends the trial court erred in its refusal to give his requested instruction No. 1. It reads:

"The defendant has called no witnesses in his behalf. You are instructed that the mere fact that the defendant has chosen not to call any witnesses in his behalf is not to be considered by you as removing from the defendant the presumption of innocence. It might be that the defendant has chosen to rest his case on the failure of the State's witnesses to establish the necessary facts to constitute the commission of the offense or offenses in issue in this trial. This right is guaranteed to the defendant and the fact that he has not called any witnesses should not be taken into consideration by you in your deliberation on the evidence which has been adduced from the witness stand."

Unfortunately, all instructions given by the trial court have not

been abstracted, but the appellee contends the substance of the requested instruction was covered by the court's instructions No. 4, No. 9 and No. 13, the latter being the standard "defendant does not testify" instruction.

Under these circumstances it has been held where an appellant relies upon an alleged error of the court in refusing to give a particular instruction, and only the one instruction is presented to this court for consideration, error will not be predicated upon the refusal to give such instruction, especially when it is claimed by the appellee that the substance of the instruction was in fact given in other instructions. (*State v. Murphy*, 145 Kan. 242, 65 P. 2d 342; and *State v. Reilly*, 85 Kan. 175, 116 Pac. 481.)

For the reasons heretofore assigned we hold the trial court properly overruled the appellant's motion for a new trial, and prejudicial error has not been shown to have been committed by the trial court in any of its rulings.

The judgment of the lower court is affirmed.