No. 44,528

STATE OF KANSAS, *Appellee,* v. CLARENCE E. MOTLEY, *Appellant.*

(430 P. 2d 264)

Opinion filed July 12, 1967.

*Phillip S. Frick,* of Wichita, argued the cause, and was on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: After being convicted by a jury of second degree burglary (K. S. A. 21-520) and grand larceny (K. S. A. 21-524), the defendant, Clarence E. Motley, has appealed from the judgment and sentence imposed by the Sedgwick county district court.

Early on the morning of May 8, 1965, the Continental Grill located at 1220 West Douglas in Wichita was burglarized and the sum of fifty dollars taken therefrom. Defendant was arrested and charged with the crimes. Subsequently, he, with his attorney, Paul Gray, waived preliminary hearing, and was bound over to district court for trial. An information was duly filed and trial was held, with John E. Pyles representing the defendant. Following the jury's verdict, defendant filed a motion for new trial, which was over-ruled. Evidence being introduced that the defendant had a prior felony conviction, the district court, on October 21, 1965, sentenced

him to the state penitentiary under the terms of the habitual criminal statute ( K. S. A. 21-107a ).

Through his present court-appointed counsel defendant raises several specifications of error, his principal complaint being that contrary to the provisions of K. S. A. 60-421 the trial court permitted, over objection, cross-examination of him about his prior conviction.

The admission of such evidence came about in this manner: State's case against the defendant consisted mainly of an oral confession given shortly after his arrest and a written confession given by him two days later. The defendant took the stand in his own defense. On direct examination he not only denied committing the crimes but also denied the contents of both the oral and written statements. Defendant testified that although a statement was written by him, it was done at the direction of a detective, it was not his own words, he did not understand what he wrote, he gave the confession because the officers kept "hounding me" and he was "nervous and scared."

Defendant's cross-examination began as follows:

"Q. Mr. Motley, you're from Chicago, right?

"A. Right.

"Q. How long have you been down in this area?

"A. About five years.

"Q. Now you've been in court before, is that right?

"A. Yes, sir.

"Q. And you were convicted of forgery and uttering prior to this time?

"Mr. Pyles: Your Honor, I'm going to object to this.

"Mr. Dugan: Well, Your Honor, I think it goes to the—

"Mr. Pyles: These are not like crimes.

"Mr. Dugan: Your Honor, I think—

"Mr. Pyles: They don't show a pattern.

"Mr. Dugan:—*it shows the man's credibility*.

"The Court: The objection is overruled.

"Q. (By Mr. Dugan). How many times have you been before prior to all this matter?

"A. Last year was my first time I ever had been in jail at all.

"Q. This was on this forgery and uttering?

"A. That's right.

"Q. Now you're on parole from that offense, is that correct?

"A. Right.

"Q. Here in Wichita, right here in this courthouse?

"A. Yes, sir.

"Q. Who is your parole officer?

"A. W. C. Koons.

"Q. Okay. And that would be in Division 3?

"A. Judge Bryant." (Emphasis supplied.)

It is conceded that the defendant had not introduced evidence tending to support his credibility prior to his cross-examination.

The state attempts to justify its questioning of the defendant about his prior, unrelated conviction on the basis that it was relevant to rebut his testimony that because of his ignorance and lack of knowledge concerning police procedures following a person's arrest he was tricked into giving a false confession. At oral argument the state further attempted to buttress its position by urging the testimony had bearing on the weight and credibility to be given by the jury to the confession. As authority, the state points to K. S. A. 60-455, and specifically that portion thereof permitting the admission of evidence that a person committed a separate, independent crime on a former occasion "when relevant to prove some other material fact" as to the crime for which he is being tried.

We have said that the rule of evidence stated in K. S. A. 60-455 generally proscribing the admission of evidence of unrelated offenses is to be strictly enforced, and to justify any departure therefrom, the evidence must be relevant within the meaning of one or more of the exceptions set forth in the statute itself. (*State v. Wright*, 194 Kan. 271, 398 P. 2d 339.) Such evidence, if relevant, may be admitted with proper limiting instructions in the state's case in chief (*State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, and cases therein cited) as well as in the cross-examination of the accused himself (*State v. McCorvey*, 199 Kan. 194, 428 P. 2d 762.)

The state's argument that the evidence was admissible under one of the exceptions of K. S. A. 60-455 is, in our opinion, patently untenable. The avowed purpose of the prosecution in posing the question was "it shows the man's credibility," which, of course, is not encompassed within any of the statutory exceptions. To say now as an afterthought that the purpose of showing the prior conviction went to the weight and credibility of defendant's confession rather than the credibility of the defendant himself as a witness is a pure matter of semantics. Were we to accept the state's argument, any time an accused denied his previous confession of guilt because of alleged coercion by law enforcement officers, the floodgates would be opened for cross-examination on prior criminal convictions on the hollow premise that they were relevant to show his familiarity and experience with police interrogational practices as bearing on the weight and credibility to be given his confession. Such procedure, if permitted, would clearly circumvent the provisions of

K. S. A. 60-455 under the pretense of satisfying one of the relevancy exceptions. Exposure of a prior record under such circumstances would also, in many instances, serve as a deterrent to an accused's taking the stand because of the risk of being convicted on the basis of his record rather than evidence bearing on his guilt or innocence.

Here, the defendant, on direct examination, completely denied both his oral and written confessions. His assertion that the written confession was the result of trickery and coercion on the part of the officers brought into focus his credibility and truthfulness as a witness. We believe the evidence concerning the defendant's prior conviction, when scrutinized in its proper setting, was obviously intended for the sole purpose of impairing his credibility.

The provisions of K. S. A. 60-421, upon which the defendant relies, are as follows:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

Prior to the enactment of the foregoing statute as part of the rules of evidence under article 4 of the code of civil procedure, a defendant in a criminal prosecution who took the witness stand subjected himself to inquiry concerning his previous criminal record for the purpose of impairing his credibility (*State v. Holmes*, 191 Kan. 126, 379 P. 2d 304; *State v. Vernon King*, 190 Kan. 825, 378 P. 2d 147; *State v. Cushinberry*, 180 Kan. 448, 304 P. 2d 561; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451; *State v. Roselli*, 109 Kan. 33, 198 Pac. 195), but such inquiry is now specifically prohibited unless the defendant has first introduced evidence admissible solely for the purpose of supporting his credibility.

The intendment of the statute is revealed by the notes of the advisory committee as found in Gard, Kansas Code of Civil Procedure Annotated, p. 392:

". . . In criminal cases not even evidence of previous conviction for crime involving dishonesty [or] false statement may be received to discredit the defendant as a witness unless he has offered evidence in support of his credibility. The purpose is to remove the fear of character smearing as an inducement to the defendant to take the stand and tell his story and subject himself to cross examination."

The significance of the statute is further amplified by Judge Gard's comments:

*"In the criminal case* this section has special application where the defendant testifies in his own behalf. Under the former rule he laid his past record open for inquiry when he became a witness, with the result that the defendant hardly dared to take the stand because of the risk that he would be convicted, not on the evidence bearing on his guilt or innocence, but upon the fact that he was shown to have been a bad actor in the past. By not testifying the defendant did not have the benefit of his own denial of guilt and neither did the state have the benefit of the right to cross examine him on the merits of the case. The policy of the new rule is that it is better to remove the fear of conviction on past record by imposing the restriction that evidence of former conviction cannot be received except in answer to evidence which the defendant introduces to support his character. . . ." (p. 393.)

We hold, therefore, that under the facts and circumstances as related, it was prejudicial error for the trial court to permit the defendant to be cross-examined concerning his prior criminal conviction for the sole purpose of impairing his credibility. In view of the disposition of the case, other points raised on appeal need not be discussed.

The judgment is reversed and the case is remanded with directions to grant the defendant a new trial.