No. 45,065

STATE OF KANSAS, *Appellee*, v. ALBERT D. DeLESPINE, *Appellant*.

(440 P. 2d 572)

Opinion filed May 11, 1968.

*Thomas Odell Rost,* of Topeka, argued the cause and was on the briefs for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Albert D. DeLespine, was convicted on two counts of molesting a child under the age of fifteen years, in violation of K. S. A. 38-711. Under the Habitual Criminal Act defendant was sentenced to terms of fifteen years on each count to be served concurrently.

The defendant was charged in three counts. In Count I the molestation was alleged to have taken place in September of 1965. In Counts II and III it was alleged to have occurred on two occasions in February 1966. Count III was dismissed during the course of the trial. In due course this appeal was perfected.

The state's evidence was developed by the testimony of the molested child, sometimes referred to as the prosecutrix, her three girl friends, the principal of the elementary school, attended by the girls, and that of Mary Elizabeth Shafer, an employee in the Juvenile Division of the Topeka Police Department.

Briefly stated, the state's evidence discloses the defendant lived in the same neighborhood as the prosecutrix, who was thirteen years of age, and her three girl friends, two of whom were nine and one eight years of age. Defendant and the girls became ac-

quainted in the summer of 1965. The prosecutrix testified that she first went to defendant's house because two of her girl friends told her the defendant always gave them money when they asked for it.

Pertaining to the offense charged in Count I, the prosecutrix testified the incident took place on a morning in late summer or early fall, about the time school started. Two of her girl friends, both nine years of age, were with her in defendant's house when she was molested and the two girls tried to help her. She testified "They tried to pull him off, kept pinching him and kicking him and things like that."

As to Count II the prosecutrix testified defendant tried to get her to go upstairs with him, she refused but when offered $5 she went along and was again molested. She was unable to fix a definite time but stated it was sometime around Christmas. The incident charged in Count II was witnessed by two girls, one of whom was not a witness to the first occurrence. They were present when defendant and prosecutrix went upstairs, and they followed a little later.

Mary Elizabeth Shafer, an employee of the Juvenile Division of the Topeka Police Department, took statements of the prosecutrix and two of the little girls after an investigation was instigated. She testified the statements were taken individually from each girl with no one present but herself and the girl. Mrs. Shafer testified that the testimony of the prosecutrix was in substantial conformance with, but not as extensive as, her statement. The principal of the elementary school, attended by the girls, related how the investigation was instigated because of the truancy of the girls.

The evidence of defendant consisted of his testimony and that of one Laverne Mendez, a cafeteria employee, who rented a room in the house occupied by defendant. She testified that she had seen the girls in the house but had never observed anything wrong. She was also interrogated on direct examination as to defendant's reputation in the community.

Defendant admitted the girls had been coming to his house, some of them for as long as three years. He allowed the girls to use his telephone and said they would occasionally wash dishes and clean up for him. He testified he gave the prosecutrix $5 to buy some shoes, but flatly denied any wrongdoing with her or any of the other girls.

The principal point urged by defendant on appeal is that the state's cross-examination of defendant as to previous convictions

amounted to prejudicial error requiring reversal. The defendant cites the case of *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, and relies entirely on that decision to support his position.

The state answers that the cross-examination was permissible since defendant's character had been put in issue by the testimony of defendant's witness Mendez, and further injected in the case by defendant's own testimony on direct examination. The state further points out that cross-examination on the point was not objected to at the trial nor asserted in defendant's motion for a new trial.

Apparently, in his opening statement, which is not abstracted, defendant's counsel gave some indication that evidence pertaining to his character would be offered in defendant's case. The defendant reserved his opening statement until after the state had closed its case. After defendant's opening statement, on motion of the state, the court declared a recess and convened a conference in chambers with defendant, his counsel and the deputy county attorney, in charge of the state's case. The court specifically advised defendant that he need not take the stand and that if he did take the stand and offered evidence of good character, then evidence of bad character offered by the state would become admissible. After being so advised the defendant stated that he understood.

Following the conference the court proceeded with the trial. The testimony of the witness Mendez was offered, and then defendant took the stand. He denied any wrongdoing and stated that he was an ordained minister of the seventh degree, that he had worked at various jobs around Topeka. He testified that he had donated money to various needy persons and to other charitable good works. We think it unnecessary to recite the evidence in further detail to demonstrate that defendant put his character in issue by his own testimony and that of his witness Mendez.

Such being the case the rule announced in *State v. Taylor*, supra, and relied on by defendant, is not applicable here. In *Taylor* the defendant at no time attempted to introduce evidence of his good character. One of the errors urged was that the state attempted to elicit specific instances of prior illicit or bad conduct from Taylor on cross-examination. The evidence sought to be adduced could be relevant only as showing Taylor's bad character; therefore, we held it inadmissible for that purpose under the proscription of K. S. A. 60-422. We also noted that since Taylor had not attempted to introduce evidence of his good character, the instances of prior

offenses adduced by the state on cross-examination were likewise inadmissible to establish guilt by virtue of K. S. A. 60-447.

We considered a similar problem and discussed the applicability of relevant statutes in the recent case of *State v. Motley*, 199 Kan. 335, 430 P. 2d 264, wherein we held cross-examination of an accused concerning a prior conviction for the sole purpose of impairing his credibility to be inadmissible under K. S. A. 60-421 unless he has first introduced evidence solely for the purpose of supporting his credibility.

In the instant case a fair analysis of the testimony of defendant's witness Mendez, and that of defendant on direct examination, discloses that evidence was offered for the purpose of establishing credibility as well as character and reputation of the defendant. Such being the case, the state's cross-examination, following the evidence of defendant, clearly falls within the respective exceptions to the proscriptions of both K. S. A. 60-421 and K. S. A. 60-447.

The defendant objected to the testimony of one of the nine year old girls for the reason the state had failed to lay a foundation showing the witness understood an oath and the nature of the proceedings. The trial court sustained the objection but allowed the state to interrogate the witness on those points. After extensive interrogation, which was answered satisfactorily, the witness was permitted to testify. Our former statute governing the disqualification of witnesses (G. S. 1949, 60-2805) has been replaced by K. S. A. 60-417, which reads:

"A person is disqualified to be a witness if the judge finds that ( *a* ) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or ( *b* ) the proposed witness is incapable of understanding the duty of a witness to tell the truth. An interpreter is subject to all the provisions of this article relating to witnesses."

The present statute specifically directs to the discretion of the trial judge the disqualification of a witness for any of the enumerated reasons. This was the case law rule under the previous statute. (5 Hatcher's Kansas Digest [Rev. Ed.], Witnesses, § 11; 9C West's Kansas Digest, Witnesses, § 40.) The record discloses the trial court followed the statute, and its ruling on the matter was justified.

On oral argument before this court, defendant's counsel suggested that the trial court should have instructed on simple assault as a lesser included offense. The point was not specified as error nor briefed by defendant and therefore is not reviewable. (4 West's

Kansas Digest, Criminal Law, § 1129; 2 Hatcher's Kansas Digest [Rev. Ed.], Criminal Law, § 418.)

While some of the testimony of the witnesses was understandably hesitant, we believe the evidence quite sufficient to support the verdict of guilty. There appearing no error in the admission of evidence or as to any other points raised, we cannot say defendant was denied a fair trial.

The judgment is affirmed.