No. 46,727

STATE OF KANSAS, *Appellee*, v. JOHNNIE B. DAVIS, *Appellant*.

(515 P. 2d 802)

Opinion filed November 3, 1973.

*Oneil Davis*, of Lewis & Davis, of Wichita, argued the cause and was on the brief for the appellant.

*Clifford Bertholf*, assistant district attorney, argued the cause, and *Vern Miller*, attorney general, *Keith Sanborn*, district attorney, and *Patrick Sirridge*, legal intern, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant, Johnnie B. Davis, was convicted on two counts of selling heroin in violation of K. S. A. 1971 Supp. 65-2502 (now K. S. A. 65-4124) and sentenced to two concurrent terms of nine years to life imprisonment.

Defendant did not take the witness stand and the facts leading to his arrest were established by testimony of Henry Mar, Jr., an agent for the attorney general, and William L. Phillips, an informant. They went to the apartment building where defendant lived and observed him enter the building. Mar frisked Phillips and

Phillips went into the building. Phillips testified he went to defendant's apartment, gave him $100.00, and waited there a short time while defendant went elsewhere to purchase heroin. Mar, who was outside the apartment building waiting for Phillips, testified he saw defendant leave the building and return a short time later. Defendant returned and shortly thereafter Phillips emerged from the building with a foil-wrapped packet. Both Phillips and Mar initialed the packet for identification and its contents were later identified as heroin. Phillips testified he bought the heroin from defendant. This general procedure was followed on two different occasions—July 4, 1971, and July 10, 1971, and these incidents are the bases of the two counts of selling heroin for which defendant was prosecuted and convicted. After the state presented its evidence against defendant, but before resting, the court allowed the state to recall Phillips, the informant, for the purpose of testifying to previous contacts with defendant. He testified he made two prior purchases of heroin from defendant in 1970. Defendant objected in chambers to the recalling of Phillips on the ground additional testimony was irrelevant and immaterial to prove defendant guilty of the two sales with which he was charged. Defendant argued to the trial court he was not claiming entrapment; therefore, intent and predisposition were not at issue. Defendant further argued the testimony of Phillips as to prior purchases had no corroborative value, added nothing to his credibility, and was highly prejudicial. The court overruled defendant's objections and allowed the testimony of alleged prior contacts and sales to be placed before the jury to show "prior relationships" between witness and defendant. The court later instructed the jury it was evidence limited to their determination of "defendant's intent, knowledge, or absence of mistake or his identity."

Defendant contends the court abused its discretion in admitting Phillips' testimony as to two prior sales of heroin in 1970. The state contends the evidence of prior crimes was relevant and admissible for two reasons: (1) to show defendant's intent and rebut a possible defense of entrapment; and (2) as evidence relevant to the issue of defendant's identity.

We cannot accept the state's first argument, that it was admissible in the state's case in chief to rebut a possible defense of entrapment; to do so would allow the state to anticipate any number of affirm-

ative defenses as an excuse for parading evidence of past crimes before the jury. The issues to which past crimes may be relevant may never arise. In this case, intent was not at issue unless defendant made it so by claiming entrapment.

When events initiated by a solicitation by the police culminate in criminal charges, it normally raises a question of entrapment for the jury. (*State v. Reichenberger*, 209 Kan. 210, 495 P. 2d 919; *State v. Farmer*, 212 Kan. 163, 510 P. 2d 180; *State v. Einhorn*, 213 Kan. 271, 515 P. 2d 1036.) We do not mean that entrapment is automatically at issue because of police solicitation. In view of defendant's denial of any participation in the acts charged, his decision to remain silent, and other assurances by his counsel that entrapment would not be raised as a defense, the evidence of past crimes to disprove entrapment was irrelevant and immaterial.

K. S. A. 60-455 reads as follows:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to sections 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

This statute is not autonomous on the admissibility of evidence of past crimes since it is subject to the provisions of other rules relating to the admission of evidence.

Kansas case law makes it clear the majority of prosecutors and trial courts have read K. S. A. 60-455 as though the exception in the last sentence were the rule, and when the proffered past crimes evidence bore some relevance to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, the gates of admissibility automatically swung open under the theory proper instruction would correct any error of judicial discretion and would limit the jury's consideration of the evidence to its proper role.

Relevancy as the single test of admissibility is disapproved from the very beginning of the evidence code. K. S. A. 60-407 (*f*) provides all relevant evidence is admissible *except* as otherwise provided by statute. K. S. A. 60-455 is such an exception generally prohibiting evidence of past crimes and takes precedence over 60-407 (*f*). K. S. A. 60-455 is subject to several statutory exceptions allowing past crimes evidence to be used to prove traits of character

under very limited circumstances as provided by K. S. A. 60-447 and K. S. A. 60-448. Since no character trait is at issue in this case we can disregard them except to note that their provisions dominate those of K. S. A. 60-455. A third exception to the general rule of K. S. A. 60-455, that evidence of other crimes is inadmissible to prove the crime charged, is contained within the provisions of the statute itself: ". . . but, subject to sections 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact. . . ." The more important test of admissibility under that exception to the general prohibition is the phrase, "subject to section[s] 60-445," which takes precedence over "relevant to prove." The evidence must first pass the test of judicial discretion provided in K. S. A. 60-445:

"Except as in this article otherwise provided, the judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered."

Although K. S. A. 60-445 refers to the exercise of discretion by the trial court when the evidence relates only to "surprise," it is a rule of necessity that the trial court may exclude any evidence which may unfairly prejudice a jury. Judge Gard, in his comments following this statute, states:

"Scattered among the Kansas decisions are cases which support the discretionary power to exclude. The rule is one of necessity. Trial judges and lawyers who have cases in court understand it and are used to it. There is no novelty about it, but it is so taken for granted that to state it in rule form looks unfamiliar. It is absolutely essential to the orderly and fair administration of justice in order that evidence of a relatively trifling character, though relevant and not expressly excluded by any arbitrary exclusionary rule, may not dominate the case, unduly prolong it, mislead or unfairly prejudice the jury, or work an unfair advantage because of surprise on collateral matters." (Gard, Kansas Code of Civil Procedure Annotated, § 60-445, p. 433.)

In *State v. Whiters*, 206 Kan. 770, 481 P. 2d 992, we stated:

"The admission of such evidence is always subject to the discretion of the court. . . ." (p. 772.)

We think it is not amiss to continue the rule of necessity that the trial court has all the established powers inherent in its function to assure a fair trial. These powers include the duty to weigh the prejudicial value of evidence of past crimes against its probative value to prove some material fact.

The delicate balancing which the courts must continually perform has been written about at length. One such treatise will suffice to illustrate the problem:

"A basic rule of evidence, universally recognized, and continually applied, is that evidence even though relevant, should be excluded if its probative value is substantially outweighed by the risk that its admission will cause undue or unfair prejudice, confusion of the issues, misleading of the jury, undue delay or waste of time, or needless presentation of cumulative evidence. . . ." (1 Jones on Evidence, 6th ed., Relevancy, § 4.6, p. 392.)

The duty of the court to protect defendants from unduly prejudicial evidence is well stated in *State v. Goebel*, 36 Wash. 2d 367, 218 P. 2d 300 (1950):

"We have intentionally used the phrase 'may be admitted' because we are of the opinion that this class of evidence, where not essential to the establishment of the state's case, should not be admitted, even though falling within the generally recognized exceptions to the rule of exclusion, when the trial court is convinced that its effect would be to generate heat instead of diffusing light, or, as is said in one of the law review articles above referred to, where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it. This is a situation where the policy of protecting a defendant from undue prejudice conflicts with the rule of logical relevance, and a proper determination as to which should prevail rests in the sound discretion of the trial court, and not merely on whether the evidence comes within certain categories which constitute exceptions to the rule of exclusion. We repeat again a particularly apropos statement from *Shepard v. United States, supra,* referring to the rules of evidence: 'When the risk of confusion is so great as to upset the balance of advantage, the evidence goes out.'" (p. 379.)

In Vernon's *Kansas Statutes Annotated, Rules of Evidence,* § 60-455, p. 376, it is stated there are at least three types of prejudice which might result from the use of other crimes as evidence:

". . . First, a jury might well exaggerate the value of other crimes as evidence proving that, because the defendant has committed a similar crime before, it might properly be inferred that he committed this one. Secondly, the jury might conclude that the defendant deserves punishment because he is a general wrongdoer even if the prosecution has not established guilt beyond a reasonable doubt in the prosecution at hand. Thirdly, the jury might conclude that because the defendant is a criminal, the evidence put in on his behalf should not be believed. . . ."

A trial judge should always be conscious of these possibilities and vigilant in avoiding such results. In this case, Phillips testified he knew the defendant because he had bought heroin from him on two prior occasions. The record indicates the defendant had prior knowledge that such testimony would be introduced. If so,

this eliminates the discretionary power to exclude the evidence on the ground of surprise as referred to in K. S. A. 60-445; however, the other tests hereinbefore discussed must be applied.

Defendant's conviction was based on the testimony of Phillips. He testified he purchased heroin from defendant on the dates charged in the information. Over objection, he also testified to the purchase of heroin on two prior occasions. The reliability of Phillips' testimony cannot be predicated on how many purchases he made. The credibility given his testimony as to purchases charged in the information cannot be enhanced by his testimony as to prior purchases. The probative value of the prior purchases must be tested by the same factors that determine the reliability of his testimony on the crimes charged. What we are saying is that the probative value of the testimony of Phillips as to prior purchases is questionable. The prejudicial result of the testimony is not questionable. It could result in one or all of the possibilities of prejudice we have heretofore outlined. The probative value of the testimony is substantially outweighed by the risk that its admission will cause undue and unfair prejudice. We conclude the admission of this evidence was reversible error and a new trial should be ordered.

Defendant contends it was error and an abuse of discretion for the court to refuse to grant him a continuance to gather evidence with which to rebut Phillips' testimony of prior crimes. Since we have stated error was committed in admitting the testimony we deem it unnecessary to discuss this question.

Defendant specifies another point on appeal which must be dealt with in view of our ordering a new trial. Defendant contends the instructions given by the court did not adequately cover his theory of defense. Defendant's theory of defense, inasmuch as he did not take the stand, must be considered to be that the state did not have adequate evidence to overcome the presumption of his innocence. Upon reading all the instructions, we find instruction No. 2 adequately covers the issue of presumption of innocence, reasonable doubt and burden of proof. Defendant takes exception to the instruction on his failure to testify, claiming it to be inadequate. We assume, from the argument to the court requesting a stronger instruction on failure to testify, that defendant did not object to such an instruction being given, only

to its form. We find no error in the court's instructions, and we find no merit in defendant's argument.

Reversed and remanded for a new trial.

FATZER, C. J., dissenting.