No. 47,450

State of Kansas, *Appellee*, v. Charles E. Harris, a/k/a Corky Winston, *Appellant*.

(527 P. 2d 949)

Opinion filed November 2, 1974.

*Tom Boone*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant, Charles Eugene Harris, was convicted of aggravated robbery. He was sentenced to a minimum term of five years and has appealed.

Details of the alleged offense are conspicuously missing from the record. The omission, however, will not preclude us from disposing of the present appeal which deals primarily with questions relating to admission of evidence.

Officer Boyle, a member of the Leavenworth police force, testified that he took the initial report of the robbery; that he received a description of the subject and of the car believed to have been involved; that the description triggered a bell and brought "this subject" (meaning Mr. Harris) to his mind "because the night before (January 14, 1973) I had a similar incident, very similar. Another robbery which a pistol—."

At this juncture defense counsel bestirred himself and moved for a mistrial. The motion was summarily overruled.

Subsequently the defendant himself took the stand. On direct examination he testified he was a veteran of the Vietnam war, a member of the Marine Corps, and received an honorable discharge; that on Sunday afternoon, January 14, he came to Leavenworth to visit his mother; that he was arrested that evening with two other young men for armed robbery, and was taken to jail; that about 9:00 or 9:30 the next morning he was released without being charged for any crime; that he returned to Kansas City, Missouri, where he was living, and remained there until he was picked up March 6.

On cross-examination the county attorney asked Mr. Harris if he had ever been convicted of a felony. An objection was interposed to this question. When the objection was overruled, Mr. Harris replied that he had been convicted of receiving stolen property.

The defendant first contends, in a very bobtail brief, that Officer Boyle's reference to "another robbery which a pistol—" violated K. S. A. 60-455, which provides in substance that evidence that a person has committed a crime or civil wrong on a specified occasion is inadmissible either to prove his disposition to commit crime or to serve as the basis for an inference that he committed another crime on another specific occasion, except where the evidence is relevant to prove some other material fact such as motive, intent, plan, knowledge, identity, etc. We find it unnecessary to decide the point, ill-advised as the officer's statement may have been, for it is our opinion the trial court erred in another particular, i. e., permitting the defendant to be cross-examined with respect to a former conviction.

K. S. A. 60-421 is very specific as to this point. In material part the statute provides:

". . . If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

In *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, the defendant, over his objection, was asked a series of questions on cross-examination relating to past misdeeds. On page 295 we said:

". . . [A]ttempts by the state to discredit the character of a defendant by eliciting specific instances of prior illicit or bad conduct contravene the

terms of 60-422, *supra.* In Gard, Kansas Code of Civil Procedure, annotated, the author, in discussing the statute, makes the following observation as to its intended effect:

"'. . . The rule will have some restraining effect on cross examination into specific misconduct where credibility only is at stake.' (p. 397.)"

In *State v. Motley,* 199 Kan. 335, 430 P. 2d 264, we examine in somewhat greater depth the philosophy which underlies the statutory prohibition. Justice O'Connor, speaking for the court in that case, stated:

"Prior to the enactment of the foregoing statute as part of the rules of evidence under article 4 of the code of civil procedure, a defendant in a criminal prosecution who took the witness stand subjected himself to inquiry concerning his previous criminal record for the purpose of impairing his credibility (*State v. Holmes,* 191 Kan. 126, 379 P. 2d 304; *State v. Vernon King,* 190 Kan. 825, 378 P. 2d 147; *State v. Cushinberry,* 180 Kan. 448, 304 P. 2d 561; *State v. Osburn,* 171 Kan. 330, 232 P. 2d 451; *State v. Roselli,* 109 Kan. 33, 198 Pac. 195), but such inquiry is now specifically prohibited unless the defendant has first introduced evidence admissible solely for the purpose of supporting his credibility.

"The intendment of the statute is revealed by the notes of the advisory committee as found in Gard, Kansas Code of Civil Procedure Annotated, p. 392:

"'. . . In criminal cases not even evidence of previous conviction for crime involving dishonesty [or] false statement may be received to discredit the defendant as a witness unless he has offered evidence in support of his credibility. The purpose is to remove the fear of character smearing as an inducement to the defendant to take the stand and tell his story and subject himself to cross examination.'" (p. 338.)

For other decisions of like tenor, see *State v. Roth,* 200 Kan. 677, 438 P. 2d 58; *State v. Cantrell,* 201 Kan. 182, 187, 440 P. 2d 580; *State v. Gunzelman,* 210 Kan. 481, 489, 502 P. 2d 705.

The state insists, however, that Harris, by his own testimony, introduced evidence "solely for the purpose of supporting his credibility." Had such been the case, cross-examination would have been proper and the former conviction admissible. But let us look at the defendant's testimony in chief on which the state relies to support its position. That testimony, as summarized in the state's brief, is as follows: that on January 14, the day before the instant robbery, he (Harris) was in the Leavenworth jail; that police had arrested him and two other young men for armed robbery; that he was released from jail the following morning and was not charged with any crime for which he was arrested; that on his release from jail he went back to Kansas City, Missouri. We find no merit in the state's contention that this recital constituted evidence "sup-

porting [the defendant's] credibility." Officer Boyle's reference to "a similar incident. . . . Another robbery" the night before clearly tended, under the attending circumstances, to connect the defendant with the commission of a previous crime, thus casting suspicion upon him.

To refute the implication inherent in Boyle's testimony, it was proper for the defendant to establish that no charges grew out of the arrest. In this he did no more than meet a damaging insinuation. His testimony was not, in our opinion, "evidence admissible solely for the purpose of supporting his credibility" as that phrase is used in the statute. Were the state's position to be accepted, the very purpose of the statute would be nullified because a simple denial of the charge or charges being tried, made by an accused while on the stand, would open the door to unrestricted cross-examination into his past criminal conduct.

The situation in this case does not resemble that in *State v. De-Lespine*, 201 Kan. 348, 351, 440 P. 2d 572, where the defendant himself not only testified concerning his position as a minister, and as to his own good works, but also produced a witness who gave evidence with respect to his reputation in the community.

The state urges us to conclude that the error was not prejudicial. This we cannot do in the face of this scanty record. This court, it is true, has concluded occasionally that certain errors appearing of record were not prejudicial. In so doing we simply followed the mandate of K. S. A. 60-261, which enjoins us to disregard errors not affecting substantial rights. (*State v. Wheeler*, 215 Kan. 94, 100, 523 P. 2d 722; *State v. Armstrong*, 207 Kan. 681, 690, 486 P. 2d 1322; *State v. Cruitt*, 200 Kan. 372, 436 P. 2d 870.) In those particular cases we were able to say that the error involved did not adversely affect any substantial right of the accused and did not approach the gravity of prejudicial error. We are not able to make such a statement in this case. We cannot say from the fragmentary evidence set forth in the record that the evidence of guilt is strong and compelling. Where the state expects to contend that error is not prejudicial, it should take steps to see that the record is adequate to justify its taking that position.

The judgment of the court below is reversed and the case is remanded with directions to grant the defendant a new trial.