No. 47,556

STATE OF KANSAS, *Appellee*, v. CHARLES E. HARRIS, *Appellant*.

(529 P. 2d 101)

Opinion filed December 7, 1974.

*Tom Boone*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, and *Bryson R. Cloon*, special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Charles E. Harris was tried and convicted for robbery (K. S. A. 1973 Supp. 21-3426) and sentenced to a minimum term of one year to run concurrently with other sentences he was serving. He raises two points on appeal.

He complains because the trial court failed to instruct the jury on the offense of obtaining unauthorized control over property as proscribed in K. S. A. 1973 Supp. 21-3701 (*a*), which he contends is a lesser included offense in a charge of robbery. See *Guffey v. Casualty Co.*, 109 Kan. 61, 197 Pac. 1098.

Where the crime charged may include some lesser crime it is the duty of the court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be

found guilty under the information and upon the evidence adduced, even though such instructions have not been requested or have been objected to. (K. S. A. 1973 Supp. 21-3107 [3].)

It must be noted, however, that this statute (21-3107 [3]) requires the trial court to instruct the jury on a lesser included crime only if the evidence presented during the trial would by some theory support a conviction on the lesser included offense. In the present case the theory of the defense was alibi and there was no evidence introduced to support a theory of obtaining unauthorized control over the property. Failure to instruct the jury on some lesser degree of a crime charged is not ground for reversal if the evidence at the trial excludes a theory of guilt on the lesser offense. (*State v. Lora,* 213 Kan. 184, Syl. ¶ 9, 515 P. 2d 1086; *State v. Holloway,* 214 Kan. 636, Syl. ¶ 4, 522 P. 2d 364.) The failure of the trial court to instruct on the offense of obtaining unauthorized control over property did not constitute prejudicial error.

Some facts of the case are necessary to understand appellant's second and final point. Sally S. Andrews, the victim of the robbery, was employed by the welfare office in Leavenworth County. On August 16, 1973, she was taking two bags of U. S. currency to the bank in her car. Defendant stopped her in the parking lot outside the welfare office. After some conversation defendant pushed her over on the car seat, grabbed the money bags and ran. He was arrested later that same day.

At the trial the defendant (appellant) relied on a defense of alibi and produced two witnesses who testified he was with them in one of their homes at the time the robbery was committed. Defendant took the stand in his own behalf and testified he was at this friend's home when the robbery occurred. None of the evidence introduced by the defense can be interpreted as having been introduced solely for the purpose of supporting the credibility of the defendant. On cross-examination the prosecution, over vigorous objection by the defense, examined defendant concerning a prior conviction for aggravated robbery which had occured three months earlier. While on the witness stand defendant admitted that he had been previously convicted of the crime.

Defendant argued below and contends on appeal that this was an attack upon his credibility in violation of K. S. A. 60-421 which constituted reversible error. The state argued below and contends on appeal that the evidence was not introduced to attack defendant's

credibility and that the prior conviction was introduced under K. S. A. 60-455 "to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The state does not point out which of these were in issue.

In ruling on the objection to the admission of such evidence the court below stated: "It would appear that such evidence would be admissible in this case for the purpose of showing intent, preparation, and plan on the part of the defendant." No facts surrounding the prior conviction were introduced.

We believe reversible error was committed. The introduction of evidence of the prior conviction was not attempted by the state in its case in chief. The defendant was a witness in his own behalf when such cross-examination was undertaken by the state. Evidence of the prior conviction was not within the scope of the direct examination and the prior conviction could only have been relevant for the purpose of testing the credibility of the defendant as a witness. This is in direct violation of the prohibition in K. S. A. 60-421 which reads:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. *If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility.*" (Emphasis added.)

This statute is clear and should be understood by every prosecutor in the state. The statute recognizes but one exception and that is when the defendant has previously introduced evidence admissible for the purpose of supporting his credibility.

This court has recognized one other exception and that is where the defendant testifies on direct examination concerning a prior conviction. When that occurs we have held he has waived the immunity provided by the statute and may be cross-examined further on the subject. See *State v. Pappan,* 206 Kan. 195, 197, 477 P. 2d 989; *State v. Fahy,* 201 Kan. 366, 369, 440 P. 2d 566; *State v. DeLespine,* 201 Kan. 348, 351, 440 P. 2d 572.

The limitations to be imposed on evidence of prior convictions by K. S. A. 60-421 and K. S. A. 60-455 have been repeatedly discussed in the 73 cases which appear in the case annotations appearing in the supplement to these statutes. If the prosecution desires to utilize K. S. A. 60-455 to prove one or more of the material facts

specified in that statute it should be done in the state's case in chief or on proper rebuttal under the guidelines of *State v. Davis*, 213 Kan. 54, 515 P. 2d 802; *State v. Clingerman*, 213 Kan. 525, 516 P. 2d 1022; *State v. Bly*, 215 Kan. 168, 523 P. 2d 397; and similar cases. It should not be attempted on cross-examination when the witness is an accused in the criminal proceeding. This prohibition was clearly pointed out in *State v. Roth*, 200 Kan. 677, 438 P. 2d 58, when the second paragraph of the syllabus in *State v. McCorvey*, 199 Kan. 194, 428 P. 2d 762, was disapproved. The prohibition against testing the credibility of a witness who is the accused in a criminal proceeding was fully explained by Mr. Justice Fontron in the recent case of *State v. Harris*, 215 Kan. 649, 527, P. 2d 949, in which a conviction of this same defendant on a charge of aggravated robbery was reversed and remanded for a new trial.

The state argues that the defendant in the present case was identified by three eye-witnesses at the scene of the crime and that the erroneous admission of evidence during a trial does not require a reversal. The state further argues that, in view of the overwhelming evidence of guilt, the admission of this evidence of a prior conviction, if error, was harmless error under the facts and circumstances of this case.

We have reviewed the record and it would appear that the prosecution made a studied and deliberate attempt to obtain permission from the trial court to have this prior conviction brought out in the cross-examination of the accused. The defense was based solely on an alibi, *i. e.*, he could not have committed the crime because he was with friends in another part of town at the time. Under the facts and circumstances of this case we are unable to say beyond a reasonable doubt that the attack on the credibility of the accused was harmless error.

The judgment of conviction and sentence is reversed and the case is remanded with directions to grant defendant a new trial.