No. 47,946

STATE OF KANSAS, *Appellee,* v. GEORGE BRIGHT, JR., *Appellant.*

(543 P. 2d 928)

Opinion filed December 13, 1975.

*Frank F. Eckdall,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Philip L. Sieve,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, George Bright, Jr., was charged with murder in the first degree (K. S. A. 1973 Supp. 21-3401) and convicted by a jury of murder in the second degree (K. S. A. 1973 Supp. 21-3402), a lesser offense under the original charge. The defendant Bright has appealed claiming trial errors.

The facts surrounding the homicide are not set forth in any detail in either the record or briefs of the parties. Suffice it to say the defendant and a Herbert Ray Jones were jointly charged with

killing one Eddie Jones, the step-father of Herbert Ray Jones, on May 22, 1974, by stabbing the deceased numerous times and also by shooting him with a shotgun. The defendant on this appeal does not raise an issue as to the sufficiency of the evidence to support his conviction of murder in the second degree. The issues raised on appeal are concerned with procedural errors allegedly made during the trial.

The defendant's first point is that the trial court erred in admitting evidence that defendant had previously been convicted of armed robbery in 1968. This evidence was admitted over objection by the defense during the cross-examination of police lieutenant Thomas, a defense witness. In his opening statement defendant's counsel stated to the jury that he intended to call as a witness Lt. Thomas of the Kansas City, Kansas, police department who had known the defendant for 12 years prior to the date of the homicide. He further informed the jury that Officer Thomas would tell them that he was familiar with the defendant's disposition and that the defendant was a meek, nonaggressive, mild, unassuming and non-violent person whom defendant's counsel characterized as a "church mouse". During the presentation of the defendant's case Lt. Thomas was called to the stand and was questioned on direct examination by defense counsel in the following manner:

"Q. . . . . Have you had from time to time any sort of working relationship with him?

"A. Yes, sir.

"Q. Now, I want a yes or no answer on this and no volunteering, of course, as you know. But do you know of the disposition of George Bright?

"A. You said disposition? You mean the type of person?

"Q. Yes, his qualities as you know them, his disposition to do this or that, generally his aggressiveness or his meekness or qualities such as that. You have said that you did know his disposition. I'd like for you to give the court and jury the benefit of that opinion.

"A. Yes, I do.

"Q. Well, state what his disposition is as far as being—well, whatever you think of. I don't want to lead you, of course.

"A. George is a nice fellow. He is an easy-going fellow. He loves to drink and be around people. Violent—George is not the violent type."

On cross-examination the prosecutor asked Thomas if he was aware that the defendant Bright had been convicted in 1968 of armed robbery. Over objection of defense counsel Thomas testified that he was aware of the defendant's prior conviction.

The thrust of defendant's argument is that the admission of this testimony on cross-examination was contrary to K. S. A. 60-447

which states in substance that in a criminal action evidence of a trait of an accused's character as tending to prove his guilt or innocence of the offense charged, may be admitted only after the accused has introduced evidence of his good character. The defendant contends that the questions propounded to Lt. Thomas on direct examination by defense counsel did not constitute evidence offered to show the good character of the accused. It is argued that it was defense counsel's intention only to show the defendant's character trait as a nonviolent person and that it was not to open the door for admission of evidence by the state as to the defendant's total character including evidence of a prior crime committed by him. The issue to be determined is whether or not the direct testimony of Lt. Thomas introduced by the defense opened the door for the prosecutor to cross-examine Thomas as to the defendant's prior conviction of armed robbery. In our judgment it did. A similar situation was before the court in *State v. Kidwell*, 199 Kan. 752, 434 P. 2d 316. There we stated:

"When a defendant in criminal proceedings calls a witness to testify to his good reputation in the community he does so in an effort to convince the jury that it is improbable that a person of such reputation would be guilty of the crime charged. In such case the prosecution is entitled to cross-examine the character witness as to knowledge of certain specific reports of misdeeds by defendant for the purpose of testing the reliability of the testimony as to the reputation of defendant. . . ." (pp. 754, 755.)

In *State v. Stokes*, 215 Kan. 5, 523 P. 2d 364, we held that a witness, who testifies to such identifying biographical data as place of birth, education, address, marital status, length of residence in the community and employment history, does not through such testimony alone place his character in issue. We pointed out however, that when the testimony offered by the defendant goes beyond those bounds and attempts to characterize the defendant's past life as blemish-free, or makes reference to specific prior incidents, he foregoes to that extent the protection of the statute. It is clear on the record before us that defense counsel on direct examination of Lt. Thomas opened the door for the prosecutor to cross-examine Thomas in regard to the defendant's prior conviction. On direct examination Lt. Thomas characterized defendant Bright as a mild mannered individual, seemingly incapable of violence. The obvious purpose of the question was to convince the jury that it was highly improbable that a person of such a nonviolent disposition could have committed the crime of murder. Hence the prosecutor

was properly permitted on cross-examination to counter such testimony by showing that the defendant had been convicted of a violent crime in the past in order to rebut the testimony given on direct examination. We find no error in the trial court's rulings on this point.

The defendant next complains that the trial court erred in failing to instruct the jury that criminal intent was an essential element of murder in the first degree. Instruction No. 10 closely followed PIK Criminal 56.01 and required the state to prove that the defendant, George Bright, Jr., and a codefendant, Herbert Ray Jones, killed Eddie Jones, *maliciously, willfully, deliberately* and *with premeditation.* Instruction No. 12 pertaining to murder in the second degree required the state to prove that the killing was done maliciously and closely followed PIK Criminal 56.03. Instruction No. 13 defined the term "maliciously" to mean "willfully doing a wrongful act without just cause or excuse." The instruction further stated that "deliberately and with premeditation means to have thought over the matter before hand" and that "willfully means conduct that is purposeful and intentional and not accidental." These instructions taken together properly instructed the jury that criminal intention was an essential element of murder in the first degree which had to be proved and we find no deficiency in the instruction in this regard.

The defendant next challenges the sufficiency of the information to charge the offense of murder in the first degree and hence maintains that the trial court was without jurisdiction to try the defendant on that charge. The information read as follows:

"INFORMATION
"(Filed June 13, 1974)

"Nick A. Tomasic, as District Attorney in and for the 29th Judicial District of the State of Kansas, County of Wyandotte, prosecuting for and on behalf of said state, within the 29th Judicial District, County of Wyandotte, and in the name, and by the authority, and on behalf of the said State of Kansas, now, here, in and to the District Court of the said 29th Judicial District, and State of Kansas, information gives that at said 29th Judicial District, County of Wyandotte, State of Kansas, within the jurisdiction of this court on or about the 22nd day of May, 1974, one Herbert Ray Jones and one George Bright, Jr., did *deliberately, with premeditation and malice aforethought* kill and murder a certain Eddie Jones by shooting with a shotgun and by stabbing the said Eddie Jones with a knife, contrary to K. S. A. 21-3401." (Emphasis supplied.)

The defendant takes the position that this information was defective because it failed to charge that the killing was either committed

"maliciously" or "willfully". K. S. A. 1973 Supp. 21-3401 defines first-degree murder as follows:

". . . [t]he killing of a human being committed maliciously, *willfully, deliberately* and with premeditation . . ." (Emphasis supplied.)

The defendant's argument on this appeal is basically that the term "malice aforethought" as contained in the information was not sufficient to cover the statutory requirements of "willfully" and "maliciously". The information in this case is not perfectly drawn. However, there is no logical reason why the term "malice" and "malice aforethought" cannot be construed to be equivalent in this situation. An analysis of the Kansas decisions on the subject of the requirement of malice as an element of murder discloses that the two terms have been used interchangeably. See for example *State v. Ireland,* 72 Kan. 265, 83 Pac. 1036, where we stated that murder is the unlawful killing of a human being *with malice aforethought* while manslaughter is the unlawful killing of a human being *without malice.* In *State v. Wimer,* 97 Kan. 353, 155 Pac. 7, we declared that malice aforethought is nothing more than an unlawful or wicked intention while malice denotes any wicked or mischievous intention of the mind. In *Cook v. State,* 511 S. W. 2d 877 (Mo. Ct. App. 1974), it is stated that the terms "malice" and "malice aforethought" are simply interchangeable terms and no significance can be attached to the selection of one or the other in an indictment or information. We agree. Furthermore we find no significant deficiency in the failure of the information to allege specifically that the killing was done *willfully* since the information alleged the killing was done deliberately with premeditation and malice aforethought. The term "maliciously" as it relates to the crime of murder, imports and includes the term "willfully." (*State v. Osbey,* 213 Kan. 564, 517 P. 2d 141.) We hold that the information in this case was legally sufficient to try the defendant on a charge of murder in the first degree.

In his brief defense counsel states that the trial court committed error after overruling the defendant's motion for dismissal at the close of the state's evidence by then proceeding to strike from the information the words "with malice aforethought". We have carefully examined the record in this case and find that it fails to include the specific ruling about which the defendant complains. As stated above the original information in this case was sufficient to charge the defendant with murder in the first degree. The case was

submitted to the jury under proper instructions which required the state to prove each of the essential elements of the offense. If the trial court ever entered an order striking the words "with malice aforethought" from the information it obviously changed its order since the case was submitted to the jury with malice present as one of the required elements of the crime to be proved by the state. The record before us fails to show that the trial court committed reversible error in failing to sustain the motion of the defendant for dismissal either at the close of the state's evidence or again at the close of all of the evidence presented in the case.

All other points raised by the defendant on this appeal have either been abandoned or are included in the three points which have been discussed and determined.

The judgment of the district court is affirmed.