No. 52,112

STATE OF KANSAS, *Appellee,* v. RONALD W. QUICK, *Appellant.*

(621 P.2d 997)

Opinion filed January 17, 1981.

*Robert L. Taylor,* of Hutchinson, argued the cause and was on the brief for appellant.

*Timothy J. Chambers,* assistant county attorney, argued the cause, and *Joseph L. McCarville, III,* assistant county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Ronald W. Quick appeals from his second conviction by a jury of aggravated robbery growing out of the same crime. K.S.A. 21-3427. In *State v. Quick,* 226 Kan. 308, 597 P.2d 1108 (1979), his first conviction was reversed and the case remanded for a new trial. In a retrial of the case Quick was again convicted and now appeals the most recent conviction which, unfortunately, must be reversed.

In the prior appeal we summarized the facts as follows:

"At 7:00 p.m. on May 10, 1978, a man walked into the F & S Liquor Store in Hutchinson, Kansas. Stella Stewart was the only employee on duty. The man pulled a handgun and demanded money. The man received approximately $130.00. He then left the store and crossed the street in the direction of a motel.

"Mr. Richard Peterson and his wife were playing with a 'frisbie' in the driveway of the motel. Mr. Peterson testified that he saw a passenger leave his vehicle, cross the street to the liquor store, and hurriedly return to the car shortly thereafter. He identified the defendant as that man and was positive it was the defendant because he had worked with defendant at a roofing company in Hutchinson. Peterson testified the driver in the car started to 'take off' before the defendant was completely inside the car. The car was an orange colored Ford Pinto. Mrs. Stewart, the clerk, was able to identify the defendant at the trial by two moles on his face. Defendant was arrested in Hutchinson two days later. He has continued to maintain his innocence.

"At the trial defendant testified in his own behalf as follows: He is a painter by trade. He did not commit the crime. At the time of the robbery he lived in Nickerson, Kansas. He was in the home of a friend, Noel Dawkins, at 7:00 p.m. on

the evening the robbery occurred. He has never owned an orange Ford Pinto automobile and did not ride in one on the evening of May 10, 1978.

"His friend, Noel Dawkins, testified at the trial. He verified defendant's presence at his house from 6:30 to 7:30 that particular evening. Another friend, Marion Russell Walton, also testified at the trial. He accompanied the defendant when the defendant visited Noel Dawkins. They were at the Dawkins home from 6:30 to 7:35 p.m. on the evening of the robbery. The defendant owned and was driving a green Chevrolet automobile that evening. Defendant also produced two other witnesses who testified a green Chevrolet automobile came to the Dawkins residence around 7:00 p.m. on the evening of May 10, 1978. The alibi evidence was substantial." p. 309.

Additional evidence was developed in the trial of the present case. The alibi of the defendant was bolstered by testimony from his father as to the time Quick left home and returned on the night of the crime and also corroborated testimony of other alibi witnesses as to what the defendant was wearing and driving that night. The clothing testified to by defendant's father and other alibi witnesses did not match that of the robber as testified to by Mrs. Stewart or Mr. Peterson.

Robbin Gresham, whose testimony had been excluded from the first trial, testified that one David Fors, who bore a considerable resemblance to the defendant, had admitted to her that he (Fors) had committed the crime for which defendant Quick was charged and convicted. She also testified that one Kathy Gore, a friend of Fors, owned an orange Pinto automobile and that she had seen Fors driving the orange Pinto.

Gary Kepka, an inmate of the Reno County jail and a former friend of Fors also testified that Fors had admitted the robbery and indicated he could do it again. On cross-examination, Kepka admitted that Fors had testified against him in his trial for felony theft.

On rebuttal for the State, David Fors testified he knew a girl named Kathy who owned an orange Pinto, but he denied any connection with the liquor store robbery. He also admitted knowing Robbin Gresham and Gary Kepka but denied he ever told them that he perpetrated the robbery.

Defendant testified that at 6:00 p.m. on the night of the robbery, he had called one Beatrice Dean from his home in Nickerson to inquire about a church meeting. The purpose of the testimony was to establish the time the defendant claimed he left his home in Nickerson to go to the home of Noel Dawkins. The brief statement was not such that would put the character of the

defendant in issue. K.S.A. 60-421 and 60-447. *State v. Bright,* 218 Kan. 476, 543 P.2d 928 (1975).

On cross-examination, over continuing objections by defense counsel, the prosecutor was allowed to question the defendant at length about his whereabouts during the day of May 10, 1978. The examination centered around a trip to Newton that the defendant had taken to clear up the matter of some small insufficient fund checks with the Harvey County attorney. The prosecutor repeatedly questioned the defendant about his check crimes and eventually drew from him that he had pled guilty to a check charge in Harvey County. At each objection the prosecutor would advise the court that he was proceeding to test the "memory" of the defendant. On that basis the court allowed the questioning to continue. So far as we can determine, the "memory" of the defendant was not an issue and if it was then such grounds could only go to the credibility of the defendant. The only issue in the case was one of identity. In addition, the questioning was clearly outside the scope of the direct examination. After testimony which covers several pages in the transcript the prosecutor changed horses and advised the court his examination about prior crimes was now being done to establish motive, although in his brief in this court he says it was not offered under 60-455 but could have been.

The first point we will consider on appeal is that it was error for the trial court to allow the State to bring into evidence for the first time on cross-examination of the defendant, evidence of prior crimes when the defendant had not put his character or credibility in issue. We agree.

K.S.A. 60-421 provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his or her credibility. If the witness be the accused in a criminal proceeding, no evidence of his or her conviction of a crime shall be admissible for the sole purpose of impairing his or her credibility unless the witness has first introduced evidence admissible solely for the purpose of supporting his or her credibility."

K.S.A. 60-447 provides:

"Subject to K.S.A. 60-448 when a trait of a person's character is relevant as tending to prove conduct on a specified occasion, such trait may be proved in the same manner as provided by K.S.A. 60-446, except that (*a*) evidence of specific instances of conduct other than evidence of conviction of a crime which tends to prove the trait to be bad shall be inadmissible, and (*b*) in a criminal action

evidence of a trait of an accused's character as tending to prove guilt or innocence of the offense charged, (*i*) may be excluded by the judge under K.S.A. 60-445 if offered by the accused to prove innocence, and (*ii*) if offered by the prosecution to prove guilt, may be admitted only after the accused has introduced evidence of his or her good character."

### K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-455 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

At the outset, a careful review of all the defense testimony reveals that the defendant did not attempt to introduce evidence admissible solely for the purpose of supporting his credibility or for the purpose of establishing his good character. A few references were made to his attendance at church but were in connection with his attempt to prove his alibi and his activities at the time the crime took place. The prosecution, however, in cross-examination of some of defendant's witnesses dwelt upon the church-going habits of the defendant in an obvious attempt to later allege that his character had been brought into issue by the defense. In one instance the prosecutor questioned Beatrice Dean, who had posted the bond for the defendant, about her opinion of defendant's character. He also attempted to question the defendant about his opinion of his own good character. This was one of the rare occasions on which a defense objection was sustained. The self-serving cross-examination by the prosecution cannot form the basis for a later claim defendant had placed his good character in issue, thereby allowing that same prosecution to introduce evidence of prior crimes.

As the record and briefs are confused as to whether the State elicited the prior crimes testimony under K.S.A. 60-455, we will address that statute first. We have held repeatedly that if the State desires to introduce evidence of prior crimes under K.S.A. 60-455, it should not be done for the first time on cross-examination of the defendant. In *State v. Harris,* 215 Kan. 961, 529 P.2d 101 (1974), we held:

Syl. ¶ 2. "If the prosecution desires to utilize K.S.A. 60-455 to prove one or more of the material facts specified in that statute it should be done in the state's case in

chief or on proper rebuttal and it should not be attempted on cross-examination when the witness is the accused in the criminal proceeding."

Syl. ¶ 3. "In a prosecution for robbery the record is examined on appeal and it is *held* the trial court committed reversible error in permitting the accused to be cross-examined concerning a prior conviction when such was not within the scope of the direct examination and the accused had not introduced evidence for the purpose of supporting his own credibility."

### In *Harris* we stated:

"The introduction of evidence of the prior conviction was not attempted by the state in its case in chief. The defendant was a witness in his own behalf when such cross-examination was undertaken by the state. Evidence of the prior conviction was not within the scope of the direct examination and the prior conviction could only have been relevant for the purpose of testing the credibility of the defendant as a witness. This is in direct violation of the prohibition in K.S.A. 60-421 which reads:

'Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. *If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility.'* (Emphasis added.)

"This statute is clear and should be understood by every prosecutor in the state. The statute recognizes but one exception and that is when the defendant has previously introduced evidence admissible for the purpose of supporting his credibility.

"This court has recognized one other exception and that is where the defendant testifies on direct examination concerning a prior conviction. When that occurs we have held he has waived the immunity provided by the statute and may be cross-examined further on the subject. See *State v. Pappan,* 206 Kan. 195, 197, 477 P.2d 989; *State v. Fahy,* 201 Kan. 366, 369, 440 P.2d 566; *State v. DeLespine,* 201 Kan. 348, 351, 440 P.2d 572.

"The limitations to be imposed on evidence of prior convictions by K.S.A. 60-421 and K.S.A. 60-455 have been repeatedly discussed in the 73 cases which appear in the case annotations appearing in the supplement to these statutes. If the prosecution desires to utilize K.S.A. 60-455 to prove one or more of the material facts specified in that statute it should be done in the state's case in chief or on proper rebuttal under the guidelines of *State v. Davis,* 213 Kan. 54, 515 P.2d 802; *State v. Clingerman,* 213 Kan. 525, 516 P.2d 1022; *State v. Bly,* 215 Kan. 168, 523 P.2d 397; and similar cases. It should not be attempted on cross-examination when the witness is an accused in the criminal proceeding. This prohibition was clearly pointed out in *State v. Roth,* 200 Kan. 677, 438 P.2d 58, when the second paragraph of the syllabus in *State v. McCorvey,* 199 Kan. 194, 428 P.2d 762, was disapproved. The prohibition against testing the credibility of a witness who is the accused in a criminal proceeding was fully explained by Mr. Justice Fontron in the recent case of *State v. Harris,* 215 Kan. 649, 527 P.2d 949, in which a conviction of this same defendant on a charge of aggravated robbery was reversed and remanded for a new trial." pp. 963-964.

Issues involving the admission of evidence under K.S.A. 60-455, 60-447 and 60-421 are sometimes so closely intertwined that it is difficult to clearly delineate under which statute or statutes the testimony may fall. In *State v. Gunzelman,* 210 Kan. 481, 502 P.2d 705 (1972), we stated:

"[E]vidence of other offenses may not be elicited for the first time on the cross-examination of the accused for the purpose of attacking his character or credibility unless he has first introduced evidence of his good character (K.S.A. 60-447) or introduced evidence admissible solely for the purpose of supporting his credibility. (K.S.A. 60-421.)

. . . .

"At no time at the trial did appellant introduce evidence of his own good character or evidence to support his own credibility and the state may not be permitted to attack his character or credibility in a criminal trial. (*State v. Motley,* supra; [199 Kan. 335, 430 P.2d 264 (1967)], *State v. Wright,* [dissenting opinion], 203 Kan. 54, 59, 453 P.2d 1.)

"In *State v. Roth,* 200 Kan. 677, 438 P.2d 58, this was specifically pointed out. In *Roth* this court disapproved statements in the case of *State v. McCorvey,* 199 Kan. 194, 428 P.2d 762, and held such was not proper cross-examination since it was not responsive to testimony given on direct examination or relevant thereto and was proscribed by our statutes." pp. 488-489.

As neither the credibility nor character of the defendant was placed in issue by his case, the trial court committed reversible error in allowing the State to introduce evidence of prior crimes in the cross-examination of the defendant.

Defendant also contends the evidence was insufficient to support the verdict. As previously indicated the basic issue in this case was identity and whether Quick was the person who committed the robbery. Two eyewitnesses positively identified him as the robber. Evidently the jury believed the testimony of Mrs. Stewart and Mr. Peterson rather than that of the defendant and his alibi witnesses. Such evidence was sufficient to meet the test of *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979).

While at times the presentation of the defense in this case may have been somewhat tedious, repetitious and time-consuming, we pause to note that the record is replete with questionable rulings upon defense objections and that some of the comments and remarks directed toward defense counsel by the trial judge and the prosecuting attorney were unnecessary and perhaps detrimental to an orderly and fair trial. As this case must be remanded for a new trial, and if it comes before this court again, hopefully it will do so on a somewhat better record.

In view of the result reached herein, other points raised on appeal need not be discussed. The judgment and conviction are reversed and the case is remanded for a new trial.

McFARLAND, J., concurring in part and dissenting in part: The defendant has twice been convicted of the same aggravated robbery and this court has now twice reversed the conviction.

I grant the challenged cross-examination of defendant was error, but I do not agree it was reversible error. The majority has elected to study the evidence of past crimes under a microscope and has concluded it constitutes reversible error. However, under a microscopic examination, even a gnat looks like a monster. In looking at the whole picture—the totality of the trial—a different conclusion should be reached.

Two eyewitnesses positively identified defendant as the perpetrator of the crime. One of the eyewitnesses personally was acquainted with defendant from past employment. The evidence of guilt was overwhelming.

Add to this the fact the past crimes related to small insufficient fund checks. It is wholly unreasonable and illogical to assume that evidence of the defendant being a bad check writer made the jury believe defendant was an armed robber. I would hold the cross-examination to be harmless error and affirm the conviction.

SCHROEDER, C. J., joins in the above concurring and dissenting opinion.